United States District Court
Southern District of Texas
**ENTERED**
July 03, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEVDARA, L.L.C., | § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. H-15-2614 |
| WELLS FARGO BANK, N.A., | § § § | |
| Defendant. | § § | |

Consolidated with

| | | |
|---|---|---|
| NANIK BHAGIA and DEVDARA L.L.C., | § § | |
| Plaintiffs, | § § § | |
| V. | § § | CIVIL ACTION NO. 16-3004 |
| WELLS FARGO BANK, | § § § | |
| Defendant. | § § | |

**MEMORANDUM AND RECOMMENDATION**

Pending in this case that has been referred to the Magistrate Judge for resolution of all pretrial matters (Document No. 26) are Defendant Well Fargo's two Motions to Dismiss (Document Nos. 15 & 34). Having considered the motions, Plaintiff Devdara, LLC's response to the first Motion to Dismiss (Document No. 19), the additional briefing (Document No. 20), Plaintiffs' claims and allegations, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that both Motions to Dismiss (Document Nos. 15 & 34) be GRANTED.

I.  **Background**

This is a mortgage/foreclosure case, which was filed by Plaintiff Devdara, LLC in state court on August 3, 2015, against Wells Fargo, to enjoin foreclosure on the residence located at 32622 Pointed Oak Lane, Katy, Texas 77450 (hereafter referred to as "the Property") (referred to hereafter as "first lawsuit").  In the state court pleading, Devdara alleged that it purchased the Property "at a Constable's sale and received a Trustee's Deed dated January 18, 2012," and that it believed "the indebtedness which was secured by the Deed of Trust was accelerated as early as 2010 or earlier." Devdara alleged claims based on the expiration of the statute of limitations and to quiet title, and sought a "determination whether the Deed of Trust is enforceable or whether enforcement is barred by the applicable statute of limitations," and a determination, if the Deed of Trust was found to be enforceable, "who is entitled to payment." (Document No. 1-4 at 2).  Wells Fargo timely removed the first lawsuit to this Court on the basis of diversity.

On September 30, 2016, while this case was pending, Devdara and one of its principals, Nanik Bhagia, filed another lawsuit against Wells Fargo in the Harris County Court of Law No. 1 (referred to hereafter as "second lawsuit").  In that second lawsuit, Devdara and Bhagia sought to enjoin Wells Fargo from taking any action with respect to the Property.  That second lawsuit was also timely removed by Wells Fargo to this Court on the basis of diversity, and the two cases were thereafter consolidated.

Wells Fargo seeks dismissal of all the claims alleged against it by Devdara and Bhagia under FED. R. CIV. P. 12(b)(6).  According to Wells Fargo, Devdara purchased the Property in October 2011 pursuant to a "Fourth Writ of Execution," did not pay off the Mortgage Loan on the Property,

admits that the loan is in default, and has no basis for challenging Wells Fargo's foreclosure efforts.[1] With respect to the vague allusions to the statute of limitations, Wells Fargo points out that there are no "facts" that would give rise to a statute of limitations claim, only Devdara's mere speculative assertions.

Devdara, in response to the Motion to Dismiss, first argues that the Motion was not timely filed. Then, Devdara argues that it has stated a statute of limitations claim because it has stated "that the Note was accelerated in October 2011" and that "[t]he Note was in default and the indebtedness was accelerated on October 24, 2011" and that "[t]his is prima facie evidence to support Devdara's claim that enforcement of the Deed of Trust is barred by the four year statute of limitations." Response (Document No. 19 at 6, 7). Devdara finally asks, if the Court is inclined to grant the Motion to Dismiss, for leave to file a amended complaint.

## II.  Rule 12(b)(6) Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] The Note at issue was entered into by Lemorris and Wan Grover, as borrowers, and World Savings Bank, FSB, as lender, on October 15, 2014. Wells Fargo is the successor in interest to World Savings Bank, FSB. *See* Exhibit B to Wells Fargo's Motion to Dismiss (Document No. 15-3).

3

alleged." *Id.* at 678. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 556 at 680.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Id.*

## III.   Discussion

Plaintiffs Devdara and Bhagia have ostensibly alleged three claims: (1) to void the Deed of Trust based on the expiration of the statute of limitations; (2) to quiet title to the Property; and (3) for declaratory and injunctive relief. Plaintiffs have, however, not alleged any facts that would state any plausible claim against Wells Fargo.[2]

---

[2] Plaintiffs' argument that Wells Fargo's Motion to Dismiss was not timely filed is frivolous. Wells Fargo's challenge to the Plaintiffs' pleadings for failure to state a claim can essentially be raised at any time. *See* FED. R. CIV. P. 12(h)(2), ("Failure to state a claim upon which relied can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion

A.  **Statute of Limitations**

Section 16.035 of the Texas Civil Practice and Remedies Code, provides, as follows, for a four year statute of limitations for foreclosure proceedings on a real property lien:

> A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues. . . . On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void.

For a note with an optional acceleration clause, a cause of action accrues under § 16.035 when the "holder actually exercises its option to accelerate" by providing first a notice of intent to accelerate and then a notice of acceleration. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). But, "[a] note holder who exercises its option to accelerate may 'abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity.'" *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.–Houston [1st Dist. 2012, no pet.) (quoting *Holy Cross*, 44 S.W.3d at 566-67). Acceleration may also "be abandoned by agreement or other action of the parties," with there being no requirement of a written agreement. *Khan*, 371 S.W.3d at 353, 356; *see also Clawson v. GMAC Mortg., LLC*, No. 3:12-CV-00212, 2013 WL 1948128, at * 4 (S.D. Tex. May 9, 2013) (Texas law "does not preclude a note holder from abandoning acceleration without express agreement from the borrower."). When abandonment of acceleration occurs, "the statute of limitations period under § 16.035(a) cease[s] to run . . . and a new limitations period [ ] begins." *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015).

Here, there are no "facts" alleged by Plaintiffs that raise a plausible statute of limitations

---

under Rule 12(c); or (C) at trial.").

5

claim. In their live pleading, Devdara alleges, with respect to the statute of limitations claim, as follows:

> Plaintiff has owned this Property for almost four (4) years. The original borrower has been in default of the original note for several years prior to Plaintiff's acquisition of the Property. Plaintiff believes that the indebtedness which was secured by the Deed of Trust was accelerated as early as 2010 or earlier. Defendant's right to enforce the Deed of Trust is barred by the statute of limitations stated in § 16.035 of the Texas Civil Practice and Remedies Code.

(Document No. 1-4 at 3). Wells Fargo is correct that Devdara's statute of limitations claim is based on speculation, not alleged "facts." Devdara alleges that it "believes" that the Note was accelerated in 2010, or earlier, but does not state that as a fact and does not state how it would be in any position to know when the Note was accelerated. As Devdara's pleading makes clear, Devdara was not the borrower – LeMorris and Wan Grover were, and Devdara did not purchase the Property from the Grovers but instead purchased it at a Constable's sale in October 2011. That Constable's Sale, in turn, was based on a "Fourth" Writ of Execution, to satisfy a judgment an unrelated party had obtained against LeMorris Grover (the borrower on the Note). *See* "Deed under Fourth Writ of Execution" (Document No. 15-5).[3] Devdara's allegations, along with the "Deed under Fourth Writ of Execution," make it clear that Devdara had no relationship whatsoever with the Grovers, and was in no position to have the Grovers' loan documents and/or any correspondence from Wells Fargo

---

[3] While the "Deed under Fourth Writ of Execution" was not attached to Plaintiffs' pleadings, but was instead submitted by Wells Fargo with its Motion to Dismiss, that document, because it is a matter of public record, can be considered in connection with Wells Fargo's Rule 12(b)(6) motion to dismiss. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record"); *see also Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) ("The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.").

6

about the Note. Wells Fargo's argument that Devdara's pleading only contains speculation and rank conclusions as to when the Note was accelerated is therefore well taken, and the undersigned concurs that such allegations are insufficient to state a "plausible" statute of limitations claim.

Also fatal to Devdara's statute of limitations claim is its insistence, in its response to the Motion to Dismiss, "that the Note was accelerated in October 2011" and that "[t]he Note was in default and the indebtedness was accelerated on October 24, 2011." Even if that allegation, contained in a Response to a Motion to Dismiss, were taken as true, that allegation defeats any statute of limitations claim. If the Note was indeed accelerated in October 2011, Wells Fargo had, under § 16.035 of the TEX. CIV. PRAC. & REM. CODE until October 2015, to "enforce the real property lien." Again, Devdara's pleadings show that Wells Fargo sought to foreclose on the Property in August 2015 – before the statute of limitations would have expired – and were only prevented from doing so by the filing of this case, with the pendency of this case operating as a *tolling* of that limitations period. *See Curry v. Ocwen Loan Servicing, LLC*, Civil Action No. H-15-3089, 2016 WL 3920375, at *6 (S.D. Tex. July 14, 2016) (tolling the statute of limitations under § 16.035 of the Texas Civil Practice and Remedies Code during the time plaintiffs had a lawsuit pending that challenged the defendant's ability to foreclose). As such, Devdara's more particularized allegations about when the Note was accelerated also do not state a plausible statute of limitations claim. The statute of limitations claim must, therefore, be dismissed.

### B. Quiet Title

"A suit to clear or quiet title-also known as suit to remove cloud from title-relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). The cause of action, which is an equitable one under Texas law, "exists 'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (quoting *Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (1886)). The elements of a quiet title claim include: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *U.S. Nat. Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *7 (Tex. App.—Houston [1st Dist.] 2011, no pet.). At its most basic, however, "the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." *Id.* A plaintiff can only recover on a quiet title claim by establishing the strength of his own title; attacking the weakness of the defendant's title will not suffice. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not on the weakness of his adversary's title.").

Here, Plaintiffs have not alleged any creditable facts that would support a quiet title claim. While Plaintiffs allege that they "own" the Property, their other allegations, as well as the public documents that have been submitted show that Plaintiffs purchased their interest in the Property subject to the mortgage lien. That means, for purposes of a quiet title claim, that Plaintiffs have not and cannot show the strength of their title vis-a-vis Wells Fargo. As such, Plaintiffs have not stated

a plausible quiet title claim.

### C. Declaratory and Injunctive Relief

Plaintiffs seek both a declaration of their rights in the Property, and an injunction preventing Wells Fargo from foreclosing on the Property. But, given the absence of a viable substantive claim, neither declaratory nor injunctive relief is available to Plaintiffs. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.* 99 F.3d 746, n. 3 (5th Cir. 1996) ("The Texas Uniform Declaratory Judgments Act, TEX.CIV.PRAC. & REM.CODE ANN. § 37.001 *et seq.* (Vernon 1986), is merely a procedural device; it does not create any substantive rights or causes of action."); *Ayers v. Aurora Loan Services, L.L.C.*, 787 F.Supp.2d 451, 457 (E.D. Tex. 2011) (dismissing claim for declaratory judgment where all underlying substantive claims had been dismissed); *Valdez v. Fed. Home Loan Mortg. Corp.*, 2011 WL 7068386, at *3 (N.D. Tex. 2011) (where Plaintiff failed to state a claim for trespass to try title and to quiet title, Plaintiff's claims for declaratory and injunctive relief were also subject to dismissal under Rule 12(b)(6)); *James v. Wells Fargo Bank, N.A.*, 2012 WL 778510, at *4 (N.D. Tex. 2012) (dismissing claim for declaratory relief where the "arguments for declaratory relief are unsupported by the facts alleged"). Those claims are therefore subject to dismissal as well.

### D. Request to Amend

As part of their Response to Wells Fargo's Motion to Dismiss, Plaintiffs ask for leave to amend in the event the Court finds that they have not stated a claim for which relief may be granted.

Under FED. R. CIV. P. 15(a)(2) leave to amend should be freely given "when justice so requires." When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies. . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or

9

unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Here, because Plaintiffs were not the borrowers and because there is nothing in the record to indicate that Plaintiffs could assert any facts that would support or state a statute of limitations or quiet title claim, there is no reasonable likelihood that Plaintiffs could amend their claims to overcome the legal deficiencies identified herein. An amendment would, therefore, be futile and will be denied.

## IV. Conclusion and Recommendation

Based on the foregoing and the conclusion that Plaintiffs Devdara, LLC and Nanik Bhagia have not stated a plausible claim against Defendant Wells Fargo, and that an amendment would be futile, the Magistrate Judge

RECOMMENDS that Defendant Wells Fargo's Motions to Dismiss (Document Nos. 15 and 34) both be GRANTED and that Plaintiffs' claims all be DISMISSED for failure to state a claim.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 3rd day of July, 2017.

_____
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE